**CITY OF SAN ANTONIO et al. v. PAUL ANDERSON CO. et al.**

No. 8735.

Court of Civil Appeals of Texas. San Antonio. July 18, 1931.

Rehearing Denied July 23, 1931.

T. D. Cobbs, Jr., C. K. Quin, and W. C. Davis, all of San Antonio, for appellants.

Wm. A. Wade, of Dallas, and Marshall O. Bell and Hicks, Dickson, Bobbitt & Lange, all of San Antonio, for appellees.

FLY, C. J.

This is an appeal from an interlocutory order rendered by a district judge restraining the appellants, consisting of the city of San Antonio and certain of its officers, from the collection of five cents on the $100 ad valorem, or from borrowing the sum that might arise from such collection.

In 1929 an ordinance was passed by the city government authorizing the levy and collection of a tax which is commonly known as the advertising tax, and the ordinance was again passed on the 29th day of June, 1931, authorizing the levy and collection of the five-cent tax, which was enjoined. The decree declared all ordinances bearing on advertising taxes null and void, and restrained appellants from collecting any taxes thereunder and from borrowing any sum to be used for advertising purposes.

The bill is quite voluminous, the gist of it being that the advertising ordinances are void and illegal, contravening provisions of the Constitution of the United States, especially the Fourteenth Amendment, the Constitution of Texas, the laws thereunder, and the charter of the city.

Wide powers are granted to cities by the constitutional amendment known as the "Home Rule Amendment" (Const. art. 11, § 5), and by the statutes enacted thereunder. It authorizes cities to assess, levy, and collect such taxes as may be authorized by law or by their charters. It is the contention that neither the Constitution, laws, or charter empower cities to levy taxes to be used for advertising purposes. It is provided in Article 1176, that the enumeration of powers made therein "shall never be construed to preclude, by implication or otherwise, any such city from exercising the powers incident to the enjoyment of local self-government, provided that such powers shall not be inhibited by the State Constitution." There is no positive inhibition against the ordinances of which complaint is made. It is reiterated in article 1175, subdivision 7, Revised Statutes, that cities may "provide for the levying of any general or special ad valorem tax for any purpose not inconsistent with the Constitution of this State."

Under the Constitution and laws, an ordinance was passed providing that "for the welfare and for the good of the trade and commerce of the City of San Antonio, to advertise the advantages, and to finance such advertisement, there is hereby created an advertising fund." The Constitution provides that "such cities may levy, assess and collect such taxes" as may be authorized by law or by their charter. Section 100 of the charter authorizes the passage of ordinances necessary "for the order and good government of the City or for the trade, commerce and health thereof, etc." Section 108 of the charter provides that the commission shall have power to provide special funds for special purposes. We think the Constitution and laws of Texas do not inhibit the taxation assailed, and under the provisions of the charter, we think that sufficient authority is given for a levy and collection of the advertising tax.

It is clear that the taxation is for a public and not a private purpose. If trade and commerce are increased by advertising every one would, to some extent, receive benefits from it.

If the tax is levied and collected for a public purpose, the question of its benefits to the public is a political rather than a legal one, and to be determined by the electorate of the city and not by a court. It was argued that appellants alleged that the purpose of the advertising was to induce immigration to San Antonio, which is violative of the provision of the Constitution which prohibits appropriation of money by the state to promote immigration to the state, but if we apply that provision to the city, still other purposes which are not prohibited are set out in the charter and ordinances, which would be sufficient to render the tax valid and binding.

The authorities from other states are governed by their peculiar laws and need not be considered in construing our Constitution and laws.

The near approach of the time of recess for the summer will prevent a long opinion in this case.

The judgment is reversed, the injunction set aside and the cause dismissed.

COBBS and SMITH, JJ., concur in the foregoing conclusions and decision.